# SECURITY STATE BANK OF STRASBURG, NORTH DAKOTA, a Corporation, v. S. A. FISCHER.

### (164 N. W. 326.)

**Banks — assistant cashier — instructions to — by president and director — to give him credit in certain sum — conversion — action for — against such former president — ratification by directors — evidence — issue of fact.**

1. Defendant, acting in the capacity of president and director of a bank, gave assistant cashier directions to credit him with $1,500 on account of salary and expense, which was done. He later sold his stock in the bank at book value. Subsequent to this he was sued by the bank for the conversion of its funds. The evidence is examined and *held* to present an issue of fact as to ratification of defendant's acts by the board of directors.

**Verdict of jury — evidence — to sustain.**

2. Evidence examined and *held* to substantiate the verdict of the jury, which found for the defendant.

**Bank — officer of — board of directors — all stockholders — ratification of acts of officer — effect of.**

3. Where the board of directors of a bank, consisting of all the stockholders of the bank, ratifies an act of an officer in paying to himself an allowance as salary and expenses, the ratification, though informal, is binding.

---

NOTE.—On the general rule that a stockholder may vote to ratify his own act as director, although he has a personal interest in the ratification of such act and owns a controlling share of the stock, where such a ratification would not be fraudulent or unreasonable and oppressive as to minority shareholders, see note in 36 L.R.A. (N.S.) 199, on ratification of acts of directors by vote of stockholders including those who are directors.

**Trial — testimony — introduction of — subjects of inquiry — presented by party — issue raised — submission to jury — cannot complain — instructions — pleadings — issues.**

4. Where, in the trial of a case, a party, in introducing his testimony, opens up a subject of inquiry and introduces testimony relative thereto, he cannot later complain of the submission of the issue of fact thus presented to the jury, where it is fairly presented under appropriate instructions, nor can he complain that the issue is not within the pleadings.

Opinion filed July 28, 1917. Rehearing denied September 24, 1917.

Appeal from Emmons County District Court, *W. L. Neussle,* J.

Judgment for defendant.

Plaintiff appeals.

Affirmed.

*Lynn & Lynn* and *C. F. Kelsch* and *Langer & Nuchols,* for appellant.

Ratification must be pleaded as an affirmative defense, and, if not so pleaded, evidence thereof cannot be offered. Comp. Laws 1913, § 7448, subd. 2; Erickson v. First Nat. Bank, 44 Neb. 622, 28 L.R.A. 577, 48 Am. St. Rep. 753, 62 N. W. 1078; 31 Cyc. 218, § 2.

No ratification can take place in the absence of a full and complete knowledge of all the facts concerning the act or matter involved. 10 Cyc. 1063 (4, 5), and 1073 (e); 7 R. C. L. §§ 665, 666.

And ratification must be clearly established, either by positive acts or by conduct from which it clearly appears that ratification was intended, and this with a full knowledge of all the facts. 10 Cyc. 1080 (2).

The directors of the bank could not legally ratify that which they had no power to authorize. 10 Cyc. 787, 919; Comp. Laws 1913, §§ 7986, 7987; 5 Thomp. Corp. §§ 5482, 5877; 2 Thomp. Corp. 2d ed. § 1768.

The president of a corporation is liable for his torts, fraud, and conversion. 2 Thomp. Corp. 2d ed. §§ 1489, 1490, 1765.

Where a party is a stockholder of a corporation, and renders services to such corporation, he cannot recover therefor except under express contract. He cannot recover under an implied contract. 10 Cyc. 921 (1) and (2); Winfield Mortg. & T. Co. v. Robinson, 89 Kan. 842,

132 Pac. 979, Ann. Cas. 1915A, 451; Lowe v. Ring, 123 Wis. 370, 101 N. W. 699, 3 Ann. Cas. 731; National Loan & Invest. Co. v. Rockland Co. 36 C. C. A. 370, 94 Fed. 335; First Nat. Bank v. Drake, 29 Kan. 311, 44 Am. Rep. 646; Accommodation Loan & Sav. Fund Asso. v. Stonemetz, 29 Pa. 534; Thomp. Corp. 2d ed. §§ 1715, 1728; 26 Am. & Eng. Enc. Law, 2d ed. 905; Kilpatrick v. Penrose Ferry Bridge Co. 49 Pa. 118, 88 Am. Dec. 497; Monmouth Invest. Co. v. Means, 80 C. C. A. 527, 151 Fed. 159; Hayes v. Canada, A. & P. S. S. Co. 104 C. C. A. 271, 181 Fed. 289; Title Ins. & T. Co. v. Home Teleph. Co. 200 Fed. 263; Notley v. First State Bank, 154 Mich. 676, 118 N. W. 486; McMullen v. Ritchie, 64 Fed. 253.

The case at bar does not come within the exception to the rule above noted, that where an officer or director, while a stockholder, gives all his time and renders valuable services outside the line of his duties, and where it is eventually understood that he is to receive compensation therefor. Bassett v. Fairchild, 132 Cal. 637, 52 L.R.A. 611, 61 Pac. 791, 64 Pac. 1082.

Even if there was a so-called ratification it was illegal for the reason that the board of directors had no power to authorize an allowance as compensation for services after their performance, in the absence of a positive agreement or resolution. National Loan & Invest. Co. v. Rockland Co. 36 C. C. A. 370, 94 Fed. 335; Jones v. Morrison, 31 Minn. 140, 16 N. W. 858; Wood v. Lost Lake Mfg. Co. 23 Or. 20, 37 Am. St. Rep. 651, 23 Pac. 848; First Nat. Bank v. Drake, 29 Kan. 330, 44 Am. Rep. 646; Holder v. Lafayette, 71 Ill. 106, 22 Am. Rep. 89; Winfield Mortg. & T. Co. v. Robinson, Ann. Cas. 1915A, 454 and note, 89 Kan. 842, 132 Pac. 979.

*Chas. Coventry,* and *Armstrong & Cameron,* for respondent.

A defeated party in the lower court will not be permitted in the supreme court, for the first time, to urge matters not raised and considered in the lower court, nor will he be permitted for the first time to urge a reversal on the ground that ratification had not been pleaded. Nor will he be permitted to urge a new or different theory from that upon which the trial proceeded in the lower court. Delaney v. Western Stock Co. 19 N. D. 630, 125 N. W. 499; 2 Cyc. 670–672.

On motion for new trial the party is confined to those objections noted

in his specifications of error served with the notice of motion. 29 Cyc. 944 et seq.

The sufficiency of the evidence cannot be raised on appeal unless the question was presented to and considered by the trial court on motion for new trial. First Nat. Bank v. Comfort, 4 Dak. 167, 28 N. W. 855; 29 Cyc. 747, 748; Henry v. Maher, 6 N. D. 413, 71 N. W. 127.

"The right to take advantage of errors in the admission or rejection of evidence will be deemed waived unless a new trial is demanded on that ground, even though exceptions to the rulings claimed erroneous have been taken." 29 Cyc. 742.

Appellant having voluntarily and without objection by defendant entered into the question of approval of defendant's acts, it thereby waived any objection to that question being considered by the jury, and waived the right to object to evidence on that question being offered by defendant. 3 Cyc. 244.

Plaintiff having offered evidence of ratification, it thereby opened the door for defendant to avail himself of that defense even though ratification had not been pleaded. Under such circumstances, and where evidence on that point has been offered and received, and submitted to the jury, and the jury having passed upon the same, the question becomes settled. 2 Enc. Pl. & Pr. 1029; Esshom v. Watertown Hotel Co. 7 S. D. 74, 63 N. W. 229.

The principle is settled, that any person capable of contracting can ratify any act that he would have the right to authorize. 10 Cyc. 1072B.

A ratification may be made, whether by formal action or by passive acquiescence, by any corporation, body, or agency that might have authorized the act in the first instance, and so with the directors of a corporation. 10 Cyc. 1073 (D); Edwards v. Fargo & S. R. Co. 4 Dak. 549, 33 N. W. 100.

BIRDZELL, J. This action is for the recovery of $1,500 which was alleged to have been wrongfully taken and converted by the defendant. From a judgment of dismissal and costs, rendered upon the verdict of a jury, and from an order of the trial court denying a motion for a new trial, the plaintiff appeals to this court. The facts are as follows: The defendant, when president and a director of the plaintiff bank, made a claim of $1,500 for services and expenses as an official of the bank.

Upon this statement defendant made or caused to be made a credit slip, crediting him with the amount claimed and debiting the bank. This was on the 15th or 16th of November, 1912, and, in pursuance of the direction afforded by the slip, the assistant cashier of the plaintiff bank caused the necessary entries to be made upon the books. These entries simply credited the defendant with $1,500 and increased the expense account by a similar amount, thereby reducing the undivided profits of the bank. At the time this was done the defendant was the largest stockholder in the bank, owning sixty of the one hundred shares. Immediately following the foregoing transaction the defendant sold his shares upon the basis of their book value, and the book value was the value reflected by the statement of the condition of the bank after the entry of the above transaction in its books. A special meeting of the board of directors, which comprised all of the stockholders of the bank, was held on the 16th of November, 1912, at which, defendant claims, the attention of the directors was called to the credit that he had caused to be entered in his favor. Defendant claims that at this meeting the directors ratified the transaction, but some of the plaintiff's witnesses who were present at the meeting testified that the subject was not drawn to the attention of the board at all. It appears to be undisputed, however, that the defendant disposed of all of his stock in the bank at this meeting, to persons who were present at the meeting, at its book valuation as determined by the books of the bank after the $1,500 item was placed to the credit of the defendant.

The trial judge instructed the jury that an assumption of dominion over the funds of the plaintiff bank, such as was alleged and proved, would constitute a conversion by the defendant, and that, unless the same was later ratified by the board of directors, the defendant would be liable to the bank. There is no question but what the instructions of the trial court were sufficiently favorable to the plaintiff throughout, unless the court erred in charging that the defendant would not· be liable if the board of directors ratified his acts. This part of the instruction is the chief ground of the plaintiff's complaint on this appeal.

The assignments of error raise two main points for the consideration of this court. First, whether, in the absence of an express agreement, a stockholder, a director, and officer of a corporation may retain moneys of the corporation as compensation for services rendered; and, second,

assuming that the attempt by the defendant to obtain compensation for past services, not being in pursuance of an express contract, was wholly unauthorized and amounted to a conversion of the funds of the corporation, could his acts in so doing be ratified by the board of directors? As to the first proposition, we are not prepared to say that the law is. as contended for. On the contrary, it would seem that, under certain circumstances, the law implies an obligation on the part of a corporation to pay for services rendered by an officer or director, but it is true that in such cases the claim to compensation will be closely scrutinized. See 10 Cyc. 1035. Under the facts of this case, this question is not so important as the question of ratification. This is not an action by an officer of a corporation to recover compensation, but an action by the corporation to recover back moneys which the defendant procured as compensation.

As to the question of ratification: The record discloses a dispute as to the facts going to establish a ratification, and it appears that the jury were properly instructed as to such issue. There is ample evidence to substantiate the verdict. The testimony of Henn, the assistant cashier, who was plaintiff's witness, tends to corroborate that of the defendant. Henn testified that, at the meeting of the board of directors on the 16th of November, "Mr. Fischer said that he had charged up $1,500, I believe, and that he had taken credit for it,— something similar to that." Furthermore, the undisputed facts, with reference to the purchase of defendant's stock at the book valuation, tend strongly to corroborate the defendant's version of the entire transaction. In the face of this testimony, and of the circumstances disclosed, it cannot be doubted that an issue of fact was presented for the consideration of the jury. Appellant contends that there can be no ratification short of action which would be sufficiently formal to authorize the payment of salary to an officer in the first instance before it is earned, but this is untenable. We are aware of no arbitrary rule of law requiring that effect shall not be given to an informal ratification made, as it is contended this ratification was made, by all of the stockholders of the bank, convening as a board of directors. To hold with the appellant on this contention would be to regard the corporate fiction as the whole substance, and ignore entirely the acts of the owners and managers of the corporation.

Appellant also argues that the evidence concerning the ratification by the directors of the plaintiff bank was inadmissible because such defense was not pleaded in the answer. In response to this contention it need only be observed that the plaintiff was the first to go into the question of ratification upon the trial, and that the question was not raised in the court below, except by a motion to strike out testimony relating to the ratification after considerable evidence touching this issue had been submitted without objection. Under these circumstances it is manifest that no error was committed in denying the motion to strike out the testimony and in submitting the question to the jury.

The judgment of the trial court is affirmed.